IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| Nadine Y. Roberson,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Northrop Grumman Ship Systems, Inc.,<br><br>　　　　Defendant. | No. 1:06-cv-00818-LG-RHW<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>(Civil Rights-Employment)<br><br>Jury Trial Demanded |

## **PRELIMINARY STATEMENT**

1. This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment.  In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

## **JURISDICTION**

2. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

1

## PARTIES

3. Nadine Y. Roberson was a Black employee of NGSS who was employed by NGSS for thirty-one (31) years. Ms. Roberson retired from NGSS on or about June 30, 2005.

4. NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian. It is located in Pascagoula, Mississippi. It is an employer for purposes of Title VII. On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5. NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended. NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit: an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7. Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8. On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially hostile work environment existed at NGSS.

9. Attempts at conciliation regarding the finding of a racially hostile work environment, which was and is statutorily required, failed.

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

2

**PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT**

10. An initial complaint was filed in the United States District Court for the Southern District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race.  The case was assigned a case number of 1:01-CV-111(G)(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

   a)  Dismissal of the class action allegations seeking compensatory and punitive damages;

   b)  Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

   c)  Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;

   d)  Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;

   e)  Dismissal of defendant LITTON INDUSTRIES; and

   f)  Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

14. On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15. On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each of the individual plaintiffs in Case No. 1:01-CV-111(LG)(RHW).

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

3

16. At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff Nadine Y. Roberson's severed action was assigned the case number of 1:06-cv-00818-LG-RHW.

## FACTUAL STATEMENT

## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17. The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

   a) By failing to treat Blacks on an equal basis with Whites.

   b) By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.

   c) By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

   d) By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

   e) By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment opportunities, and/or the placement of White employees in acting position have

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

4

        inured to the determent of Black employees historically.

    f) By restricting access to employment opportunities for Black employees and maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

    g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

    h) By demoting Black employees at a disproportionate rate as compared to White employees.

    i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

    j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

    k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of, dangerous, dirty, and generally less desirable work areas because of their race.

    l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18. This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19. NGSS has been aware that its actions with regard to the treatment of Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

## SPECIFIC CLAIMS FOR RELIEF
## TITLE VII AND § 1981

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

Plaintiff Nadine Y. Roberson's Complaint for　　　　　　　　　　　　　　　　　　　　　　　5
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

21. Plaintiff has never been promoted in spite of plaintiff's thirty-one (31) years at NGSS. Plaintiff has observed both that Black employees are not promoted in spite of their qualifications and seniority as well as the lack of qualifications of White employees who have been promoted. Plaintiff has also observed that the availability of positions was not always publicized. The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. Plaintiff's attempts to be promoted have been rebuffed throughout her tenure at NGSS:

a) In 1974 Robert Seaborn, Employment Director, dissuaded plaintiff from applying for the safety store position because he informed her, wrongly, that the position was not open.

b) Although plaintiff received training regarding master planning as well as procurement, and advised her supervisor(s) that she had obtained said training, because she was never made aware of any openings in Procurement/Master Planning, Plaintiff has not applied for promotive positions for which she was qualified, and plaintiff has never been selected for promotion to any such position.

c) Plaintiff was qualified for the position of manager, which was vacated upon retirement of another employee in 1989. The position was not posted, however, and was combined with K.W. Bagwell's supervisor position. K.W. Bagwell held both positions until the position was posted as plaintiff was preparing to retire. A White male replaced K.W. Bagwell.

d) Although plaintiff's responsibility and work load continually increased, plaintiff's supervisor, K.W. Bagwell, declined to consider plaintiff for a raise or promotion based on her job performance, and stated that plaintiff was only doing her job, additionally conveying to plaintiff that any attempt to be promoted was futile.

e) Plaintiff also requested, based on her consistently increasing job responsibilities,

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

6

    that she be moved to a created position of specialist or analyst; the request was not granted.

  22. Plaintiff has been subject to the practice of forcing Black employees disproportionately as compared to White employees to work with injuries, without reasonable accommodation of disabilities, or without provisions being made for medically imposed work restrictions.  This has occurred in at least the following instances:

    a) After returning to work from surgery in or around 2002, plaintiff believes that her supervisor, K.W. Bagwell, changed the nature of her job duties so that she was required to do work that did not fall within medically imposed return-to-work restrictions.  Plaintiff complained to Steve Robinson, Director of Material, that she was being discriminated against based on her race, with respect to her supervisor's refusal to accommodate her return-to-work restrictions.

  23. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to White supervisory personnel using racially offensive language. NGSS knows or should have known about use of racially offensive language by White supervisory personnel, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has complained about being subjected to such racially offensive language, but the response has always been insufficient to remedy the situation.  Plaintiff has not complained about each and every instance of having heard racially offensive language because plaintiff believed it would be useless so to do given the historical lack of sufficient response on the part of NGSS.  Such exposure has occurred in at least the following instances:

    a) Plaintiff's supervisor referred to her in a demeaning manner by use of the term "girl" on a regular basis.  In or around 1978 or 1979, plaintiff was told by her supervisor, Johnny Fleming, to "keep [her] damn hands" off paperwork that plaintiff had trained a less senior White woman to prepare.  Plaintiff believes that her supervisor's conduct in ordering her to train a less senior White woman to undertake a component of plaintiff's job and then treating plaintiff in such an

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

7

insulting manner was based upon her race. Plaintiff complained to Section Manager Charles Alfred about Johnny Fleming's harassment of her because of her race on more than one occasion. Charles Alfred responded only that plaintiff should know how things go in that workplace, and to ignore the harassment. Charles Alfred's response to plaintiff's complaints was insufficient to remedy the situation. Thereafter, plaintiff did not complain to supervisory personnel about the racially hostile work environment at NGSS's workplace, because, based on prior experience and observation, she believed both that supervisory personnel at NGSS were aware of the racially hostile work environment and that such complaints would not have been effective in remedying the situation.

24. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings, depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and nooses at NGSS. Plaintiff worked as a clerk in the safety store for 31 years. She was uniquely situated to be informed about employment conditions throughout NGSS's workplace. Plaintiff was informed by Black employees at least once per month during the last ten (10) years of her employment of the presence of racially derogatory graffiti. Black employees throughout the workplace informed plaintiff about the manner in which they were treated, including the fact that White supervisors were often aware of, if not present during, offensive incidents and were typically unresponsive. Plaintiff has been informed during the course of her work about nooses observed by other Black employees. As a safety store clerk, plaintiff processed requisitions from departmental management personnel for all hard hats to be provided to individuals receiving promotions. Throughout her tenure at NGSS, plaintiff repeatedly observed that, throughout the shipyard, White employees with 2-3 years experience overwhelmingly received promotions, while Black employees in the same departments with decades of experience were never promoted. Plaintiff saw these White employees over and over report to the safety store to receive their new hard hats. Plaintiff was and is highly offended by what she knew to be

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

8

occurring in NGSS's workplace.  Black employees frequently approached plaintiff to find out whether a White employee with less seniority in his or her department had been given "a White hat," or, a promotion.  Moreover, plaintiff complained until she retired from NGSS about the physical conditions in which she worked, including malfunctioning computer equipment and walls that were falling in around her.  After a White employee replaced plaintiff following her retirement, the physical space was repaired and improved.

25. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. The hostile work environment comprises and/or has culminated in the adverse treatment described in paragraphs 20 through 22, incorporated as though fully set forth herein.

26. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact that Black employees have not been provided equal opportunity with regard to upward job mobility.

27. The hostile work environment based on race to which plaintiff has been exposed is of a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

28. NGSS has failed to take steps to remedy and correct promptly the harassing behavior occurring in its workplace.  NGSS has failed to promulgate, disseminate, and enforce adequately an anti-harassment policy and failed to provide sufficient training to its employees regarding same.  NGSS has failed to respond sufficiently to complaints regarding the harassment as set forth in paragraphs 23 through 27, incorporated as though fully set forth herein.

## APPROPRIATENESS OF EQUITABLE RELIEF

29. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested herein is not granted, because NGSS will make employment decisions on the basis of the discriminatory procedures and practices described herein or will not remediate the racially hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in discriminatory employment practices, plaintiff will be deprived of career opportunities, which plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment practices.

Plaintiff Nadine Y. Roberson's Complaint for  
Injunctive and Declaratory Relief and Damages  
No. 1:06-cv-00818-LG-RHW

9

30. No plain, adequate, or complete remedy at law is available to plaintiff. Monetary relief cannot adequately compensate the loss of promotional opportunities, experience, and careers with NGSS. Similarly, monetary relief cannot adequately compensate the continued subjection to a racially hostile work environment.

31. Unless restrained by order of this Court, NGSS will continue to pursue policies and practices, which are the same as, or similar to those alleged above.

## FIRST CLAIM FOR RELIEF

32. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 31 and further alleges for a first claim for relief as follows:

33. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

## SECOND CLAIM FOR RELIEF

34. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 33 and further alleges for a second claim for relief as follows:

35. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

36. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

10

37. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## **PRAYER**

WHEREFORE, plaintiff prays that this Court:

a) Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth in paragraphs 17 through 28 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

b) Adjudge, decree, and declare that the practices of NGSS complained of herein are violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

c) Grant equitable relief, including, but not limited to, back pay, sick pay, vacation pay, disability benefits, and seniority rights to plaintiff;

d) Grant such punitive, general, and special damages as proved at trial;

e) Award plaintiff the costs and litigation expenses of this action and reasonable attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys Fees Award Act of 1976, as amended, 42 U.S.C. § 1988; and

f) Grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

Dated: September 20, 2006                                      SANDRA JARIBU HILL, Esq.
                                                                                    Mississippi Workers Center for
                                                                                              Human Rights

Plaintiff Nadine Y. Roberson's Complaint for                                                                                       11
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

             WILLIAM C. MCNEILL, III, Esq.
               The Legal Aid Society-Employment
                 Law Center

             Counsel for Plaintiffs


          By:  /s/ William C. McNeill, III
              WILLIAM C. McNEILL, III, Esq.


William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California 94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi 38702-1223
(662) 334-1122

Plaintiff Nadine Y. Roberson's Complaint for                      12
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

   /s/ Laurel Kapros
Laurel Kapros

Plaintiff Nadine Y. Roberson's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00818-LG-RHW

13